
FILED
SEP 10 2010

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |
|---|---|
| ROBERT L. WELCH, | CIV. 10-4075 |
| Plaintiff, | |
| vs. | |
| ED LIGTENBERG, Director;<br>DENNIS KAEMINGK, Chair;<br>JAMES P. SMITH, Member;<br>PATRICIA A. MEYERS, Member;<br>DEBRA C. FLUTE, Member;<br>DAVE NELSON, Member;<br>THOMAS CIHAK, Vice-chair;<br>KIETH BOBENBERGER;<br>JESSE SONOREAL; and<br>KAY F. NIKOLAS; all of the<br>South Dakota Board of Pardons and Paroles; | REPORT and RECOMMENDATION |
| Defendants. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff is an inmate at the South Dakota State Penitentiary (SDSP) in Sioux Falls, South Dakota. He filed this *pro se* civil rights law suit pursuant to 42 U.S.C. § 1983, alleging the Defendants wrongfully revoked his "street time" and/or parole. Plaintiff was granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915(e)(2). Petitioner has not paid any of the $350.00 filing fee. Currently pending is Plaintiff's Motion to Consider this a Priority Case and for Speedy Trial (Doc. 9).

The Court has, as it must, "screened" Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons more fully explained below, Plaintiff's Complaint is recommended for dismissal for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

## BACKGROUND

Plaintiff's Complaint and his subsequent filings are extremely difficult to decipher. It appears, however, that Plaintiff was released on parole but had his parole revoked. Subsequently Plaintiff was not credited for his "street time" when the parole board calculated the time remaining on Plaintiff's sentence. Plaintiff challenges the Parole Board's authority to calculate Plaintiff's remaining sentence in this manner. Plaintiff asserts he has served his term and requests the Court to order the Parole Board to Amend their decision, and to be compensated for the extra time he has served.

## DISCUSSION

The Court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Also, "although liberally construed, a pro se complaint must contain specific facts supporting its conclusions." *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993)(citations omitted). A plaintiff "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965, (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Bell Atlantic* requires a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 1965. *See also, Abdullah v. Minnesota*, 261 Fed. Appx. 926 (8th Cir. 2008)(citing *Bell Atlantic* noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory).

It has long been recognized that "civil rights pleadings should be construed liberally." *Frey v. City of Herculaneum*, 44 F.3rd 667, 671 (8th Cir. 1995). The complaint, however, must at the very least contain facts which state a claim as a matter of law, and must not be conclusory. *Id.* Broad and conclusory statements unsupported by factual allegations are not sufficient. *Ellingburg v. King*, 490 F.2d 1270 (8th Cir. 1974). Finally, although *pro se* complaints are to be construed liberally, "they must still allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The Court is not required to supply additional facts for a *pro se* plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. *Id.* It is with these standards in mind that Plaintiff's Complaint is carefully considered.

1.  **Habeas Corpus v. § 1983 Claims**

"When a state prisoner is challenging the very fact or duration of his physical imprisonment,

2

and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973). Plaintiff's claim that he is wrongly incarcerated is clearly a challenge to the "very fact or duration" of his imprisonment. As such, his sole remedy is a writ of habeas corpus and this § 1983 lawsuit must be dismissed.

In *Heck v. Humphrey*, 114 S.Ct. 2364, 512 U.S. 477, 129 L.Ed.2d 383 (1994), the Supreme Court held that if a judgment favorable to a prisoner in a § 1983 lawsuit would necessarily imply the invalidity of the prisoner's conviction or the length of the prisoner's sentence, then a § 1983 action for damages does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *Id.* 114 S.Ct. at 2372, 512 U.S. at 486-87. The doctrine of exhaustion prescribes that "as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act." *Mellot v. Purkett*, 63 F.3d 781, 784 (8th Cir. 1995) (*citing Rose v. Lundy*, 455 U.S. 509, 515, 102 S.Ct. 1198, 1201, 71 L.Ed.2d 379 (1982)). The purpose of exhaustion is not to create a procedural hurdle on the way to federal habeas court, but to "channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Mellot* at 784. This § 1983 claim, therefore, is premature because there is no final state or federal habeas which has reversed or declared Petitioner's conviction invalid. *See also, Robertson v. Sumner*, 218 Fed. Appx. 548 (8th Cir. 2007) (challenge to parole eligibility date must be asserted in a habeas action); *Veneri v. State of Missouri*, 734 F.2d 391 (8th Cir. 1984) (claims that parole revocation violated due process cognizable exclusively in habeas corpus).

4.     **Plaintiff's Filing Fees**

If Plaintiff's suit had been allowed to proceed and he prevailed on the merits, he would have recovered the filing fee. That Plaintiff's case is dismissed pursuant to the screening procedures of § 1915 does not negate his obligation to pay the fee. *In Re: Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997). The obligation to pay a filing fee accrues the moment a plaintiff files his Complaint with the Court, and it cannot be avoided merely because the case is eventually dismissed as frivolous. *Anderson v. Sundquist*, 1 F.Supp.2d 828, 830 n. 5 (W.D. Tenn. 1998). One of the purposes of the Prison Litigation Reform Act is to

> require the prisoners to pay a very small share of the large burden they place on the Federal judicial system by paying a small filing fee upon commencement of lawsuits. In doing so, the provision will deter frivolous inmate lawsuits. The modest monetary

3

outlay will force prisoners to think twice about the case and not just file reflexively. Prisoners will have to make the same decision that law abiding Americans must make: Is the lawsuit worth the price?

*Roller v. Gunn*, 107 F.3d 227, 231 (4th Cir. 1997) (quoting 141 Cong. Rec. at S7526 (May 25, 1995) *See also In Re: Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) (prisoner will be assessed full filing fee even if his case is dismissed because "the PRLA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). Plaintiff remains responsible for paying the entirety of the $350.00 filing fee.

## CONCLUSION and RECOMMENDATION

Liberally construed, Plaintiff attempts to allege the Defendants violated his civil rights by wrongfully revoking his parole and/or wrongfully refusing to credit him for his "street time." Pursuant to well-established Eighth Circuit precedent, this claim is a habeas corpus claim, not a § 1983 claim. Plaintiff's Complaint fails to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

(1) It is therefore respectfully RECOMMENDED to the District Court that Plaintiff's Complaint (Doc. 1 ) be DISMISSED without prejudice and that he remains responsible for the balance of the $350.00 filing fee.

(2) It is ORDERED that Plaintiff's Motion to Consider this a Priority Case and for Speedy Trial (Doc. 9) is DENIED.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

*Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990)
*Nash v. Black*, 781 F.2d 665 (8th Cir. 1986)

Dated this _10_ day of September, 2010.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge